**Order filed December 18, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00793-CR
_____

**SHAH KAKEEN STEPHENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 13-CCR-167465**

## ABATEMENT ORDER

When this case was assigned to this court, the Fort Bend County Clerk advised this court that appellant was represented by Shawn McDonald. When the clerk's record was later filed, it appears from a docket entry that appellant's counsel was permitted to withdraw. This court has not been advised whether new counsel was appointed or whether appellant has retained new counsel. The court lacks contact information for appellant, and all notices were sent to Shawn McDonald.

The reporter's record has not been filed in this appeal. The court reporter, Kelly Kelly, has informed the court that appellant has not paid or made arrangements to pay the reporter's fee to prepare the reporter's record. *See* Tex. R. App. P. 37.3(c)(2)(A). This court is unaware whether appellant is entitled to proceed without the payment of costs. *See* Tex. R. App. P. 37.3(c)(2)(B). Accordingly, we enter the following order. *See* Tex. R. App. P. 35.3(c).

We ORDER the judge of the County Court at Law No. 2 to immediately conduct a hearing at which appellant, appellant's counsel, if any, and counsel for the State shall participate, either in person or by video teleconference, to determine whether appellant desires to prosecute his appeal, and, if so, whether appellant is indigent and, thus entitled to a free record and appointed counsel on appeal. The judge shall appoint appellate counsel for appellant, if necessary. If the court determines appellant is not entitled to appointed counsel and preparation of the reporter's record without advance payment, the court shall require appellant to provide his contact information to this court. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing, the court's findings and conclusions, and a videotape or compact disc, if any, containing a recording of the video teleconference shall be filed with the clerk of this court within **thirty days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any

party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM